IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CHARLES JOSEPH GRIFFIN | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1237-P |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Charles Joseph Griffin, an inmate in the Dallas County Jail, against Sheriff Lupe Valdez. On July 18, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were then sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on August 1, 2008. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff generally alleges that he has been denied access to the law library during his eight-month incarceration in the Dallas County Jail. Specifically, plaintiff complains that access to the law library is restricted to one hour every three to four weeks and that the legal materials available to prisoners are inadequate. In a related claim, plaintiff alleges that the jail does not provide a way for indigent prisoners to mail time-sensitive documents to state or federal court. As a result of these deficiencies, plaintiff contends that he and other inmates "are denied access to attorneys and resources allowing us to challenge arrest, preserve pretrial rights, file pleadings, challenge Grand Jury indictments, mail legal documents, and communicate with attorneys and bondsmen via U.S. mail." (*See* Mag. J. Interrog. #1). Plaintiff also complains that his restricted access to the law library and the unavailability of certain legal materials prevented him from challenging his detention on charges attributable to another inmate. (*See* Mag. J. Interrog. #1, 3). By this suit, plaintiff seeks an injunction requiring the Dallas County Sheriff to provide the necessary and required legal resources to inmates.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Beaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

B.

The court initially observes that plaintiff has failed to state a claim for relief against Sheriff Lupe Valdez--the only defendant named in his complaint. As an elected official responsible for jail operations, Valdez is liable only if: (1) she affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Vega v. Hill*, No. 3-05-CV-1577-P, 2005 WL 3147862 at *2 (N.D. Tex. Oct. 14, 2005), *rec. adopted* (N.D. Tex. Nov. 21, 2005), *citing Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that Valdez was not personally involved in any of the alleged constitutional deprivations made the basis of this suit. Rather, plaintiff maintains that as the "legal custodian" of all inmates, the sheriff is responsible for the actions of her subordinates. (*See* Mag. J. Interrog. #5). Nor does plaintiff identify any specific policies that violate his constitutional rights or allege any facts linking those non-existent policies to Valdez. His vague and conclusory allegations are insufficient to state a claim for relief against this defendant. *Vega*, 2005 WL 3147862 at *2 (citing cases).

C.

Even if plaintiff could demonstrate personal involvement on the part of Valdez, or amend his complaint to name specific officers who limited his access to the law library and prevented the

prompt mailing of time-sensitive legal documents,[1] dismissal is still warranted. A claim alleging denial of access to the law library must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

In his interrogatory answers, plaintiff alleges that the law library in the West Tower does not have federal digests, federal supplements, complete and up-to-date copies of Texas statutes, law dictionaries, copy machines, and experienced legal assistants to help inmates research potential claims. (*See* Mag. J. Interrog. #1). Plaintiff contends that these deficiencies, together with restrictions limiting the amount of time inmates may use the law library, prevent indigent prisoners from challenging various aspects of their arrest and detention. (*Id.*). However, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Caraballo v. Federal Bureau of Prisons*, 124 Fed.Appx. 284, 285, 2005 WL 673501 at *1 (5th Cir. Mar. 23, 2005); *Ervin v. Hill*, No. 3-05-CV-

---

[1] Although not named as defendants, plaintiff has identified two detention officers, Crumb and Cole, who were responsible for restricting his access to the law library. (*See* Mag. J. Interrog. #1).

1651-K, 2005 WL 3742791 at *4 (N.D. Tex. Nov. 10, 2005), *rec. adopted* (N.D. Tex. Dec. 6, 2005); *Vega*, 2005 WL 3147862 at *3. By his own admission, plaintiff has been represented by counsel since March 2008. (*See* Mag. J. Interrog. #3, 7). Consequently, he has failed to state a claim for denial of access to the courts.

Nor has plaintiff shown that his lack of access to an adequate law library or the delay in mailing time-sensitive legal documents caused any actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (prisoner must prove that "shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"). Although plaintiff alleges that his restricted access to the law library and the unavailability of certain legal materials delayed the appointment of counsel and prevented him from challenging his detention on charges attributable to another inmate, those situations were rectified long ago. The state court appointed a lawyer to represent plaintiff three months after his arrest for aggravated assault with a deadly weapon. Plaintiff does not allege any facts to suggest that this three-month delay resulted in his prolonged incarceration or prejudiced the defense of his criminal case.[2] And while plaintiff was initially detained on an additional charge attributable to a "Charles Terry Griffin," that charge was removed on January 8, 2008--less than a month after his arrest. (*See* Mag. J. Interrog. #2). There is no reason to believe that this mistake would have been corrected sooner had plaintiff been given unrestricted access to an adequate law library.

With respect to plaintiff's claim that he and other inmates "are denied access to attorneys and resources allowing us to challenge arrest, preserve pretrial rights, file pleadings, challenge Grand Jury indictments, mail legal documents, and communicate with attorneys and bondsmen via U.S.

---

[2] The court notes that plaintiff is being held on a $25,000 bond in the aggravated assault case. (*See* Mag. J. Quest. #2). Even if this bond was set sooner, there is no reason to believe that plaintiff could have posted the required sum to obtain his release.

mail," such conclusory assertions are insufficient to state a claim for relief under 42 U.S.C. § 1983. *See Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987) ("Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes, . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient.").

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE